UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEATREPID INTERNATIONAL, LLC | CIVIL ACTION |
| VERSUS | NO. 13-51 |
| MK SALVAGE VENTURE, LLC, ET AL | SECTION "N" (5) |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 8). The defendants have filed an opposition thereto (Rec. Doc. 9) and plaintiff has filed a reply memorandum (Rec. Doc. 12).

## I. **BACKGROUND:**

This dispute relates to certain remote operated vehicles (ROVs) provided by the plaintiff, SeaTrepid International, LLC, a Louisiana underwater engineering firm, to assist in a salvage operation on a shipwreck site off the coast of Juneau, Alaska. The defendants are: (1) MK Salvage Venture, LLC ("MK Venture"); (2) MK Pacific, LLC ("MK Pacific"); (3) Bear Trading Enterprises, LLC ("Bear Trading"); (4) Michelle Ridgeway ("Ridgeway"); and (5) Oceanus Alaska. Each of the three limited liability companies was organized in the state of Washington, and the members of each are citizens of the state of Washington. Ridgeway is a citizen of Alaska, and Oceanus Alaska is her solely-owned business.

Plaintiff filed suit in the Twenty-First Judicial District Court, Parish of Tangipahoa, alleging that the defendants: (1) breached a written lease agreement (for the lease of one Mohawk ROV) (the "Mohawk Lease"), an oral lease agreement (for two Outland ROVs), and several other oral and email agreements (*e.g.*, alleged agreements to use only a qualified ROV pilot, to pay for the two lost Outland ROVs, and to pay for a SeaTrepid technician mobilized to the site); (2) negligently caused the loss of the two Outland ROVs; and (3) converted the salvaged Outland ROV (the other Outland ROV was not recovered). Defendants MK Salvage, MK Pacific, and Bear Trading removed the case to this Court on the bases of diversity and admiralty jurisdiction. (Rec. Docs. 1, 7).

## II.  LAW AND ANALYSIS:

In the instant motion to remand (Rec. Doc. 8), plaintiff does not dispute that this Court has subject matter jurisdiction over the matter. Rather, its sole basis for seeking remand is a forum selection clause contained in the Mohawk Lease, which provides in pertinent part:

> **Governing Law**
> This agreement and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of Louisiana. The Parties herein waive trial by jury and **agree to submit to the personal jurisdiction and venue of a court** of subject matter jurisdiction **located in Tangipahoa Parish, Louisiana**. ....

(Rec. Doc. 1-2 at 23 of 26). Plaintiff argues that by virtue of this clause, the defendants *in globo* waived their rights to remove the dispute to federal court.

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." *ENSCO Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443 (5th Cir. 2009) (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir.2004), *cert. denied*, 543 U.S. 1187 (2005)) (internal quotations omitted). "There are three ways in which a party may clearly and unequivocally waive its removal rights: '[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract.' " *Id.* at 443-44 (quoting *New Orleans*, 376 F.3d at 504). " 'A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.' " *Id.* at 448 (quoting *New Orleans*, 376 F.3d at 504).

Plaintiff has a strong argument that MK Salvage waived its right to remove, at least with respect to the claims related to the lease of the Mohawk ROV. However, the other two removing defendants — MK Pacific and Bear Trading — are not parties to the Mohawk Lease. *See* Petition at ¶ 26 (Rec. Doc. 1-2 at 8 of 36) ("On or about August 22, 2012, SeaTrepid and Defendant MK Salvage entered into a contract (attached as Exhibit A, "Lease") for the lease of the Mohawk ROV (together with certain attached equipment) at a day rate of $1,405.00."); Mohawk Lease (Rec. Doc. 1-2 at 19 through 24 of 36) ("This Equipment Lease Agreement is made and entered into by and between Seatrepid International, LLC (Lessor) and MK Salvage LLC (Lessee)."). Moreover, the bulk of plaintiff's allegations relate not to the Mohawk Lease at

3

all, but to breach of oral contract and tort claims arising out of the use (and loss) of two Outland ROVs. No plain reading of the forum selection clause would reach these claims.

Regarding defendants' argument concerning non-parties, plaintiff responds: "The fact is that Plaintiff has asserted in its Complaint [1] that *all* the Defendants are parties to the Lease (given their multilateral participation in the negotiation, documentation, and execution of the Lease) and [2] that the subsequent agreement for lease of additional ROVs was *under the same terms* as the Lease." (Rec. Doc. 12 at 7) (emphasis in original). Regarding the first assertion, this simply is not so. Nowhere in the petition does plaintiff allege that MK Pacific or Bear Trading is a party to the Lease. Although the petition does allege that all three Washington companies were named in the credit application and that Ridgeway was authorized to negotiate on behalf of MK Pacific Group (a term used by plaintiff to refer to all three Washington companies), it very plainly states that "SeaTrepid and Defendant MK Salvage entered into a contract (attached as Exhibit A, "Lease") for the lease of the Mohawk ROV (together with certain attached equipment) at a day rate of $1,405.00." Petition at ¶ 26 (Rec. Doc. 1-2 at 8 of 36) (emphasis added). Moreover, the Mohawk Lease itself, attached to plaintiff's petition, plainly states: "This Equipment Lease Agreement is made and entered into by and between Seatrepid International, LLC (Lessor) and MK Salvage LLC (Lessee)." (Rec. Doc. 1-2 at 19 of 36)(emphasis added). The Mohawk Lease also names the parties thereto in two other places, and in both, it specifies only MK Salvage as the Lessee. *Id.* at 23 of 36 ("Each of the parties to this Agreement shall appoint a representative.... Daniel Leston, CFO [of] MK Salvage Venture

4

LLC....") and 24 of 36 (signature blocks). Nowhere does the Mohawk Lease mention MK Pacific or Bear Trading.

Plaintiff's second argument for finding waiver on the part of Bear Trading and MK Pacific is that they waived their statutory right to removal by virtue of the alleged oral lease of two Outland ROVs. The petition contains no direct allegation that either MK Pacific or Bear Trading explicitly agreed to be bound by the forum selection clause of the Mohawk Lease or to otherwise waive its removal rights. Rather, to follow plaintiff's reasoning, one must link together several allegations, which even standing alone are weakened by equivocal language such as "and/or" and qualifiers such as "on information and belief." Plaintiff alleges: (1) that Ridgeway entered into an oral agreement for the rental of two Outland ROVs "under the terms of the [Mohawk] Lease" and (2) that in doing so, Ridgeway "on information and belief" was acting on her own behalf "and/or" with the authority to bind "MK Salvage and/or the MK Pacific Group." Rec. Doc. 1-2 at ¶¶ 28-29. Thus, to arrive at plaintiff's conclusion, the argument must proceed something like this: because the Mohawk Lease contains a forum selection clause and because plaintiff has alleged that Ridgeway orally agreed to rent two Outland ROVs under the terms of the Mohawk Lease, then the Court should infer that Ridgeway orally agreed to be bound by the forum selection clause in connection with the oral lease; and because plaintiff has alleged that Ridgeway "on information and belief" was acting on her own behalf "and/or" with authority to bind MK Salvage "and/or" MK Pacific Group (a term which plaintiff has defined to include MK Pacific and Bear Trading) when she made this oral agreement, then the Court should deem

5

MK Pacific and Bear Trading to have agreed to the forum selection clause contained in the Mohawk Lease. Plaintiff suggests that because it has made these allegations, the Court is precluded from "piercing these pleadings" to question the matter further. The Court disagrees.

First, waiver of the right to remove must be clear and unequivocal. There is nothing clear or unequivocal about the plaintiff's argument of waiver by MK Pacific or Bear Trading. To the contrary, it is a tortured linking of allegations, none of which even mentions waiver or the forum selection clause and all of which are equivocal, at least with regard to which of the defendants is intended to be included. Second, even if the allegations supporting plaintiff's waiver argument were not convoluted (which they are), plaintiff has cited no law to support the suggestion that in a case such as this, where the Court's subject matter jurisdiction is undisputed, the Court is bound to conclude that a defendant has waived its right to remove merely because the plaintiff has alleged that it did so. Finally, even if the plaintiff could bootstrap Bear Trading and MK Pacific into a waiver of their removal rights by virtue of Ridgeway's alleged oral agreement, the alleged breach of this oral contract is not the only claim asserted against these defendants. Plaintiffs also allege the torts of negligence and conversion, neither of which are clearly and unequivocally encompassed within the forum selection clause.

## III.  CONCLUSION:

Accordingly, for all of the foregoing reasons,

**IT IS ORDERED** that the Plaintiffs' Motion to Remand (**Rec. Doc. 8**) is hereby **DENIED**.

New Orleans, Louisiana, this 11th day of March, 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**